1
COUNTY OF MERCED COUNTY COUNSEL
JAMES N. FINCHER, SBN 196837
2
COUNTY COUNSEL
COUNTY ADMINISTRATION BUILDING
3
2222 M STREET, ROOM 309
MERCED, CA 95340
4
TELEPHONE (209) 385-7564

5
NIELSEN, MERKSAMER, PARRINELLO,
   MUELLER & NAYLOR, LLP
6
MARGUERITE MARY LEONI, SBN 101696
CHRISTOPHER E. SKINNELL, SBN 227093
7
591 REDWOOD HIGHWAY, #4000
MILL VALLEY, CA 94941
8
TELEPHONE (415) 389-6800
FAX           (415) 388-6874
9

10
*Attorneys for Defendant*
COUNTY OF MERCED, CALIFORNIA

11

12
                    UNITED STATES DISTRICT COURT

13

14
                  EASTERN DISTRICT OF CALIFORNIA

15

16
FELIX M. LOPEZ, et al.,                    )    Case No. 06-CV-01526-OWW-DLB
                                           )
17
     *Plaintiffs*,                         )    **COUNTY OF MERCED'S ORDER**
                                           )    **GRANTING MOTIONS TO**
     vs.                                   )    **DISMISS WITH LEAVE TO**
18
                                           )    **AMEND**
MERCED COUNTY, CALIFORNIA, et al.,         )
19
     *Defendants*.                         )    JUDGES:  Hon. Oliver W. Wanger
                                           )             Hon. Jay S. Bybee
20
                                           )             Hon. Anthony W. Ishii
                                           )
21
                                           )
                                           )
22
                                           )
                                           )
23
_____ )

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**

On May 16, 2007, these matters came before a three-judge panel appointed by the Chief Judge of the Circuit pursuant to 28 U.S.C. § 2284 on the motions to dismiss the First Amended Complaint of Defendants COUNTY OF MERCED, CITY OF LOS BANOS ("LOS BANOS"), and LOCAL AGENCY FORMATION COMMISSION ("LAFCO") for failure to state a claim (Fed. R. Civ. P. 12(b)(6)), in which motions Defendant LE GRAND COMMUNITY SERVICES DISTRICT ("LE GRAND") joined; and also on the supplemental motions of Defendants COUNTY OF MERCED and LOS BANOS to dismiss on the grounds of mootness (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim due to the lack of sufficient specificity of the remaining allegation in paragraph 19 of the First Amended Complaint (Fed. R. Civ. P. 12(b)(6)), which supplemental motions were also joined by LE GRAND and LAFCO.  All parties appeared by counsel.  This order memorializes the oral decision issued from the bench on May 16, 2007.

A.    **Background.**

1.    This is a case before a three-judge court, brought under Section 5 of the Voting Rights Act of the United States, 42 U.S.C. §1973c ("Section 5").  Section 5 requires that "preclearance" be received from either the U.S. Attorney General or a three-judge federal district court in the District of Columbia before any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on" specified dates (in this case, November 1, 1972), and affecting voting in certain "covered" states and "political subdivisions," may be implemented.

2.    Defendant COUNTY OF MERCED is a "covered political subdivision" subject to the preclearance requirement of Section 5.  *See* 40 Fed. Reg. 43746 (Sept. 23, 1975); 28 C.F.R., Appendix to Pt. 51.

3.    Defendant CITY OF LOS BANOS is a city organized pursuant to the laws of California, and located within the boundaries of the County of Merced.  *Lopez v. Merced County*, 473 F. Supp. 2d 1072, 1076 (E.D. Cal. 2007) (hereafter "*Lopez v. Merced I*").

4.    Defendant LE GRAND COMMUNITY SERVICES DISTRICT is a special district organized pursuant to the laws of California, and located within the boundaries of the County of

1

PDF created with pdfFactory trial version www.pdffactory.com

1  Merced.  *Lopez v. Merced I,* 473 F. Supp. 2d at 1076.

2        5.      Defendant LOCAL AGENCY FORMATION COMMISSION is a public

3  administrative agency created pursuant to the laws of the State of California, vested with the power

4  to determine boundary changes to local government agencies, such as the annexations, detachments,

5  consolidations and formations pertaining to defendant cities and special districts.  LAFCO is not a

6  subdivision of a covered jurisdiction.   LAFCO does not register voters, nor does it hold elections.

7  *See also Lopez v. Merced I*, 473 F. Supp. 2d at 1076.

8        6.      The First Amended Complaint (Dkt. #100) was filed, by stipulation of the parties, on

9  March 8, 2007.  In the First Amended Complaint, Plaintiffs allege that LOS BANOS adopted 26

10  specific annexations, since November 1, 1972, that LE GRAND was formed and adopted two

11  specific annexations since November 1, 1972, and that those annexations and formation have not

12  been submitted for preclearance pursuant to Section 5.  First Amended Complaint, ¶¶ 12-14 & 16

13  and Appendix A.

14        7.      Plaintiffs additionally allege, on information and belief, that the Defendants herein

15  have adopted, approved and implemented other, unspecified "changes affecting voting" that require

16  preclearance and for which preclearance has not been sought and obtained.  First Amended

17  Complaint, ¶ 19.  Plaintiffs seek declaratory and injunctive relief against the implementation of these

18  unspecified changes without preclearance.  First Amended Complaint, Prayer.

19        8.      Plaintiffs contend that LOS BANOS, LE GRAND and LAFCO are "covered" by

20  Section 5, and therefore preclearance of the annexations and formation is required.  First Amended

21  Complaint, ¶¶ 15 & 18.  Plaintiffs seek a declaration to that effect and injunctive relief to preclude

22  defendants from conducting any elections in the unprecleared municipal and district boundaries until

23  those boundaries receive preclearance.  First Amended Complaint, Prayer.

24        9.      Each of the 26 annexations adopted by Defendant LOS BANOS, and identified in

25  Paragraphs 12-14 of the First Amended Complaint were submitted for preclearance on October 1,

26  2006, *Lopez v. Merced I*, 473 F. Supp. 2d at 1077,  and received preclearance on December 4,

27  2006.  *See Notice of Preclearance Received (Annexations-City of Los Banos)* (Dkt. #66).

28        10.     The formation and two annexations to LE GRAND were submitted for preclearance,

2

PDF created with pdfFactory trial version www.pdffactory.com

1    and preclearance was granted on April 23, 2007.  *See Notice of Preclearance Received (Le Grand*

2    *Community Services District—Formation & Two Annexations)* (Dkt. #159).

3            11.    The parties stipulated that Defendants' motions to dismiss the initial complaint for

4    failure to state a claim, filed in November and December of 2006, would be deemed responsive to

5    the First Amended Complaint as well.  (Dkt. #100.)  Defendants moved to dismiss on the grounds

6    that LOS BANOS, LE GRAND and LAFCO are not "political subdivisions" as that term is defined

7    in the Voting Rights Act, *see* 42 U.S.C. §§ 1973c & 1973*l*(c)(2), and are therefore not subject to

8    the preclearance requirement.  (Dkt. #s 27, 58 & 60.)  Defendant LAFCO also contended that it

9    does not register voters, set elections or conduct elections.  Defendant COUNTY OF MERCED

10   also contended in its motion that Paragraph 19 lacked a sufficient factual predicate to state a claim.

11   Defendant LOS BANOS also contended  in its motion that the complaint failed to state a claim

12   because under the facts as alleged and uncontested facts subject to judicial notice, (1) there could be

13   no potential adverse effect on voting rights of the protected class as a result of the annexations, and

14   (2) the preclearance of the precinct changes resulting from the annexations by the Department of

15   Justice complies with the Defendants' Section 5 obligations, if any.

16           12.    On March 14 & 15, 2007, Defendants COUNTY OF MERCED and LOS BANOS

17   also filed, with leave of Court, supplemental motions to dismiss on the grounds that claims

18   concerning the specifically-identified formation and annexations alleged in Paragraphs 12-14 and

19   Appendix A of the First Amended Complaint were all moot, or would be moot by the date of this

20   hearing, and renewing the objection to Paragraph 19.[1]

21   **B.    Supplemental Motions To Dismiss On The Ground of Mootness (FRCP 12(b)(1))**

22           The Court GRANTS the Supplemental Motions to Dismiss on the grounds of mootness.

23           Plaintiffs' counsel admitted at the hearing on these motions that the claims related to the

24   formation and annexations specifically identified in Paragraphs 12-14 and Appendix A of the First

25   _____

26           [1] In granting leave to file such motions, the Court recognized that the annexations and
     formation for LE GRAND were not at that time yet precleared, though preclearance had been
27   sought.  Recognizing, however, that preclearance was likely to be obtained before this motion could
     be heard, the Court directed the parties to brief the supplemental motions as if it had already been
28   received, in the interests of judicial economy.

                                                        3

PDF created with pdfFactory trial version www.pdffactory.com

Amended Complaint are moot because these activities have been submitted for and precleared under Section 5.

**C.**    <u>Motions To Dismiss Paragraph 19 For Failure To State A Claim  (FRCP 12(b)(6))</u>

The Court GRANTS the Motions to Dismiss for failure of Paragraph 19 to state a claim.

Under Federal Rule of Civil Procedure 8 and the standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), a sufficient factual description of the nature of the claim to permit the defendants to frame a response is required.

Plaintiffs are granted  leave to amend to identify specific actions by Defendants that Plaintiffs allege require preclearance. The Court requests that Plaintiffs' counsel communicate in good faith with Defendants' counsel with regard to the factual bases for any further claims so that there is not an unnecessary expenditure of the resources, time or effort of the parties or the Court.

**D.**    <u>LAFCO's Motion To Dismiss For Failure To State A Claim (FRCP 12(b)(6))</u>

The Court GRANTS LAFCO's motion to dismiss, without prejudice.

Based on the stipulation of the Plaintiffs at oral argument, LAFCO is not an entity subject to the preclearance requirement, because it is neither a subdivision of the County, nor does it engage in any activity that concerns the registering of voters, or the conduct of elections in the County. *See also Lopez v. Merced I*, 473 F. Supp. 2d at 1076 ("LAFCO does not hold elections nor does LAFCO have any role in the election certification process.")

**E.**    <u>All Other Motions To Dismiss</u>

Because the claims alleged in Paragraphs 12 & 14 of the First Amended Complaint are moot, and Paragraph 19 is dismissed for failure to state a claim, the Court declines to rule on all other motions to dismiss.  At this time, any declaration on the question of Section 5 coverage or the granting of further injunctive relief would not be based on any specific facts and thus constitute an advisory opinion, unless Plaintiffs file a second amended complaint stating facts raising these issues and Defendants renew their motions.

**F.**    <u>Orders With Regard To Discovery And The Time For Filing An Amended Complaint</u>

1.    Plaintiffs are given leave to file a second amended complaint with respect to any or all Defendants by July 3, 2007.

4

PDF created with pdfFactory trial version www.pdffactory.com

2.      Any discovery requests, other than noticed depositions, that Plaintiffs plan to serve on LE GRAND with a view to substantiating a further amendment of the complaint shall be served on LE GRAND on or before May 31, 2007.  LE GRAND shall have until June 15, 2007, to respond to any such discovery requests.

3.      Any discovery requests, other than noticed depositions, that Plaintiffs plan to serve on the COUNTY OF MERCED and LOS BANOS with a view to substantiating a further amendment of the complaint, shall be served on those defendants on or before June 5, 2007.  The COUNTY OF MERCED and LOS BANOS shall have until June 20, 2007, to respond to any such discovery requests.

4.      Any depositions that Plaintiffs seek to conduct with a view to substantiating a further amendment of the complaint shall be completed by June 25, 2007.


APPROVED AS TO FORM:


DATED: _____, 2007                    ROBERT RUBIN
                                                               *Lawyers' Committee for Civil Rights*

                                                               JOAQUIN G. AVILA

                                                               MICHAEL TRAYNOR
                                                               MAUREEN P. ALGER
                                                               CHARLES M. SCHAIBLE
                                                                 *Cooley Godward Kronish, LLP*


                                                               _____
                                                               BY:
                                                               Attorneys for Plaintiffs

5

PDF created with pdfFactory trial version www.pdffactory.com

1

2  DATED: May 24, 2007                    JOSEPH WELLS ELLINWOOD
                                              *Abbott & Kindermann, LLP*
3
                                          /S/ Joseph Wells Ellinwood
4                                         Attorneys for Defendant
5                                         CITY OF LOS BANOS

6

7  DATED: May 25, 2007                    GENE TANAKA
                                          CHRISTOPHER H. CALFEE
8                                         MELINDA LEONG
                                              *Best Best & Krieger, LLP*
9
                                          /S/ Gene Tanaka
10                                        Attorneys for Defendant
11                                        LOCAL AGENCY FORMATION
                                          COMMISSION
12

13  DATED: May 25, 2007                   THOMAS J. KEENE
                                              *Linneman, Burgess, Telles, Van Atta, Vierra,*
14                                            *Rathmann, Whitehurst & Keene*
15
                                          /S/ Thomas J. Keene
16                                        Attorneys for Defendant
17                                        LE GRAND COMMUNITY
                                          SERVICES DISTRICT
18

19

20

21

22

23

24

25

26

27

28

6

PDF created with pdfFactory trial version www.pdffactory.com

1   SO ORDERED.

2   Entered this 8th day of June, 2007.

3

4                             /s/ Oliver W. Wanger

5                             _____

                              OLIVER W. WANGER

6                             United States District Judge

7                             /s/ Jay S. Bybee

8                             _____

9                             JAY S. BYBEE

                              United States Circuit Judge

10

11                             /s/ Anthony W. Ishii

12                             _____

                              ANTHONY W. ISHII

13                             United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANT COUNTY OF MERCED'S PROPOSED ORDER          CASE NO. 06-CV-01526-OWW-DLB
GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

PDF created with pdfFactory trial version www.pdffactory.com